**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1340
_____

RAYMOND FARZAN,
                                        Appellant

v.

THE VANGUARD GROUP, INC.; LIQUIDHUB, INC.
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 13-cv-02898)
District Judge:  Honorable Juan R. Sanchez
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 22, 2014

Before: JORDAN, SCIRICA and BARRY, Circuit Judges

(Opinion filed:  September 24, 2014)
_____

OPINION
_____

PER CURIAM

        Raymond Farzan, proceeding pro se, appeals orders of the United States District

Court for the Eastern District of Pennsylvania granting summary judgment in favor of the

defendants in his employment discrimination action.  We will affirm.

Farzan was born in 1950 in Iran, and is a Muslim of Arab descent. In 2011, he was hired as a temporary employee by LiquidHub, an information technology consulting company, to work as a senior business systems analyst (BSA) on a project run by the Vanguard Group (Vanguard), an investment management company. After approximately three months, Farzan's supervisor at Vanguard, Joseph Corcoran, notified LiquidHub that he was dissatisfied with Farzan's work. Over the next several weeks, a LiquidHub client manager, Jeffrey Fountaine, made several efforts to improve Farzan's performance, but Corcoran ultimately concluded that Farzan did not meet the standards expected from a senior-level BSA. Consequently, Corcoran terminated Farzan from his assignment, and advised LiquidHub of the decision. Because there were no other opportunities available for Farzan at the time, LiquidHub terminated his employment. Farzan's position was temporarily filled by a 27 year-old white female who was already employed by Vanguard.

Farzan filed a complaint in the United States District Court, alleging that LiquidHub and Vanguard discriminated against him based on his race, religion, gender, national origin, and age, and retaliated against him for complaining about the discrimination. He brought his claims under Title VII of the Civil Rights Act of 1964 (Title VII), the Age Discrimination in Employment Act (ADEA), and the Pennsylvania Human Relations Act ("PHRA"). Following discovery, the defendants filed motions for summary judgment. The District Court granted those motions. See Farzan v. Vanguard Group, Inc., -- F. Supp. 2d --, 2014 WL 116252 (E.D. Pa. Jan. 10, 2014) (granting Vanguard's motion for summary judgment). Farzan appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the District Court's grant of summary judgment de novo, and view all inferences drawn from the underlying facts in the light most favorable to the nonmoving party. Montone v. City of Jersey City, 709 F.3d 181, 189 (3d Cir. 2013). Summary judgment is proper only if the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

The District Court properly analyzed Farzan's discrimination and retaliation claims according to the familiar burden-shifting framework established by McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). See Jones v. Sch. Dist. of Phila., 198 F.3d 403, 410 (3d Cir. 1999); see also Kelly v. Drexel Univ., 94 F.3d 102, 105 (3d Cir. 1996) (holding PHRA claims can be treated coextensively with Title VII and ADEA claims). Under the McDonnell Douglas framework, Farzan bore the initial burden of establishing a prima facie case of discrimination. See McDonnell Douglas, 411 U.S. at 802. If he succeeded, the burden would shift to the defendants to "articulate some legitimate, nondiscriminatory reason" for his termination. See id. Farzan would then have an opportunity to prove by a preponderance of the evidence that the legitimate reason for his termination offered by the defendants was a pretext. See Jones, 198 F.3d at 410.

Here, even if Farzan had established a prima facie case of discrimination, the defendants articulated legitimate, nondiscriminatory reasons for his termination. Vanguard provided evidence indicating that Farzan did not perform at the level required

3

of a senior BSA.[1]  See Ross v. Gilhuly, 75 F.3d 185, 193 (3d Cir. 2014) (recognizing that "demonstrably poor job performance" qualifies as a legitimate, nondiscriminatory reason for termination).  Vanguard's dissatisfaction with Farzan's performance provided a legitimate reason for LiquidHub to terminate him.  Indeed, when a client removes a temporary LiquidHub employee from a project due to dissatisfaction, LuquidHub's usual practice is to fire that employee.[2]

Farzan has not produced a material issue of fact demonstrating that the defendants' proffered reasons for firing him were a pretext for discrimination.  To establish pretext under the summary judgment standard, a plaintiff must either (1) offer evidence that "casts sufficient doubt upon each of the legitimate reasons proffered by the defendant so that a factfinder could reasonably conclude that each reason was a fabrication," or (2) present evidence sufficient to support an inference that "discrimination was more likely than not a motivating or determinative cause of the adverse employment action."  Fuentes v. Perskie, 32 F.3d 759, 762 (3d Cir. 1994).  To meet that burden, a plaintiff "cannot simply show that the employer's decision was wrong or mistaken."  Id. at 765.

_____

[1] For example, Farzan's mentor indicated that Farzan failed to adequately prepare for and lead meetings.  A business manager working with Farzan stated that his work was at times inaccurate and incomplete, and that he often failed to take the lead during project meetings, as was his responsibility.  A manager of a project that Farzan was working on reported that he had missed meetings and was not adhering to the project's schedule.

[2] Farzan claims that he was a full-time employee of LiquidHub.  Farzan's classification is not material, however, because, even in the case of a "Full-time Salaried Associate," LiquidHub's practice is to determine on a case-by-case basis whether termination is warranted when a client dismisses an associate from an assignment.  Vanguard's dissatisfaction with Farzan's performance, whether he was a temporary or full-time employee, provided a legitimate reason for LiquidHub to terminate him.

Farzan attempted to cast doubt on the defendants' proffered reasons for terminating him by noting that Corcoran had complimented his "good progress" in an email dated March 28, 2012. That isolated instance of positive feedback does not undermine the otherwise consistent criticism of Farzan's performance. Ezold v. Wolf, Block, Schorr and Solis-Cohen, 983 F.2d 509, 528 (3d Cir. 1992) ("Pretext is not established by virtue of the fact that an employee has received some favorable comments in some categories or has, in the past, received some good evaluations."). Farzan also asserted that the defendants' proffered reasons for terminating him are suspect because he was not made aware of his poor performance through a formal evaluation.[3] As the District Court explained, however, "the lack of such an evaluation . . . does not make the reasons unworthy of belief." Farzan, 2014 WL 116252, at *5. Moreover, on several occasions Farzan was informally notified that his work needed improvement, see Kautz v. Met-Pro Corp., 412 F.3d 463, 471 (3d Cir. 2005) (stating that "[e]vidence that the method of evaluation an employer used was not the best method does not amount to evidence that the method was so implausible, inconsistent, incoherent or contradictory that it must be a pretext for something else"), and the defendants took steps to help Farzan meet the job's requirements. Clearwater v. Indep. Sch. Dist. No. 166, 231 F.3d 1122, 1127 (8th Cir. 2000) (holding that plaintiff failed to show that defendant's reason

---

[3] To the extent that Farzan challenges the District Court's denial of his letter request for additional discovery material, including information related to the defendants' evaluation procedures, we discern no abuse of discretion. See Petrucelli v. Bohringer and Ratzinger, 46 F.3d 1298, 1310 (3d Cir. 1995) (applying "abuse of discretion standard when reviewing orders regarding the scope and conduct of discovery.").

for firing her was pretextual where, inter alia, defendant "provided her with numerous opportunities to rectify her behavior."). To the extent that Farzan claims that he performed adequately, the District Court properly held that his disagreement with the critical feedback does not demonstrate pretext. See Billet v. CIGNA Corp., 940 F.2d 812, 825 (3d Cir. 1991) ("The fact that an employee disagrees with an employer's evaluation of him does not prove pretext.").

The District Court also properly held that Farzan failed to demonstrate that his termination was motived by invidious discriminatory reasons. In support of his argument, Farzan noted that he was the only Iranian and Muslim in Corcoran's group. But "[b]ecause no conclusion can be drawn from [Farzan's] raw numbers on underrepresentation, they are not probative of [the defendants'] alleged discriminatory motive." Ezold, 983 F.3d at 543. Furthermore, although Farzan emphasized that he was not provided with adequate training or equipment to handle a heavy workload, the evidence fails to establish that similarly situated employees not within the protected class were treated more favorably. See Jones, 198 F.3d at 413 (holding that a plaintiff may support an assertion that an invidious discriminatory reason was more likely than not a determinative cause by showing that "the employer has treated more favorably similarly situated persons not within the protected class."); see also Fane v. Locke Reynolds, LLP, 480 F.3d 534, 539 (7th Cir. 2007) (holding that employee's subjective belief that her workload was greater than other similarly situated employees was insufficient to establish disparate treatment). Farzan also notes that he was replaced by a 27 year-old woman. This fact helps establish a prima facie case of age discrimination, but, without more, it

6

does not demonstrate that the defendants' decision to terminate Farzan for poor performance was pretextual.  See Thomas v. Corwin, 483 F.3d 516, 529 (8th Cir. 2007) (affirming entry of summary judgment for defendant where plaintiff "present[ed] no evidence, other than her replacement by a younger woman, indicating [defendant's] proffered reasons for her termination were a pretext for age discrimination.").  Farzan further sought to demonstrate a discriminatory motive by relying on various comments made to him by Vanguard employees.  For reasons thoroughly explained by the District Court, however, we agree that these comments are immaterial because they were either not directed at Farzan, not uttered by decisionmakers, or, even viewed in the light most favorable to Farzan, not indicative of discriminatory animus.[4]  See Farzan, 2014 WL 116252, at *7-8; see also Ryder v. Westinghouse Elec. Corp., 128 F.3d 128, 133 (3d Cir. 1997) (stating that when evaluating whether comments are probative of discrimination, courts should consider the relationship of the speaker to the employee and within the corporate hierarchy, the temporal proximity of the statement to the adverse employment decision, and the purpose and content of the statement); Fuentes, 32 F.3d at 767 (recognizing that "[s]tray remarks by non-decisionmakers or by decisionmakers unrelated to the decision process are rarely given great weight, particularly if they were made temporally remote from the date of decision.").

---

[4] We also agree that these comments are insufficient to establish a hostile work environment claim.  See Caver v. City of Trenton, 420 F.3d 243, 262 (3d Cir. 2005) (stating that "offhanded comments and isolated incidents (unless extremely serious) are not sufficient to sustain a hostile work environment claim.  Rather, the conduct must be extreme to amount to a change in the terms and conditions of employment.")

Finally, the District Court properly rejected Farzan's retaliation claim. To establish a prima facie claim of unlawful retaliation, Farzan was required to show that: (1) he engaged in a protected activity; (2) the defendants took an adverse action against him; and (3) there was a causal connection between the protected activity and the adverse action taken. Moore v. City of Phila., 461 F.3d 331, 340-41 (3d Cir. 2006). Farzan claimed that he was fired because he threatened to file a complaint "if something happened to [his] job." Importantly, however, Farzan failed to demonstrate that a decisionmaker at Liquidhub was aware of any protected activity in which he may have engaged. See Manning v. Chevron Chem. Co., 332 F.3d 874, 883 n.6 (5th Cir. 2003) (stating that "[i]f the decisionmakers were completely unaware of the plaintiff's protected activity, then it could not be said . . . that the decisionmakers might have been retaliating against the plaintiff for having engaged in that activity."). In addition, although Farzan told a Vanguard employee that he would file a complaint if he was fired, he did "not explicitly or implicitly allege" that he was experiencing discrimination. Barber v. CSX Distrib. Serv., 68 F.3d 694, 702 (3d Cir. 1995); see also Curay-Cramer v. Ursuline Acad. of Wilmington, Del., Inc., 450 F.3d 130, 135 (3d Cir. 2006) (stating that "it must be possible to discern from the context of the statement that the employee opposes an unlawful employment practice.").

For the foregoing reasons, we will affirm the judgment of the District Court.

8